**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre Almond Dennison, | No. CV08-0847-PHX-SRB |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

Plaintiff, Andre Almond Dennison, filed his Civil Rights Complaint against 10 defendants employed by the Arizona Department of Corrections on May 2, 2008. A screening order was issued on July 8, 2008 and Plaintiff was given permission to complete and return service packets for all 10 defendants for service by the United States Marshal. Prior to service being effected, Plaintiff filed a First Amended Complaint adding four additional defendants from the Arizona Department of Corrections. He was given permission to serve those additional defendants and 13 of the 14 defendants were served by waiver of service in September and October 2008. With respect to Defendant Khamou, Plaintiff was notified by return of service filed September 25, 2008 that the summons had been returned unexecuted as to Defendant Khamou because he was no longer employed by the Arizona Department of Corrections. Defendants, except Khamou, answered on November 4 and 5,

2008 and a scheduling order was issued on November 13, 2008 setting a discovery deadline of April 6, 2009 and a dispositive motion deadline of June 3, 2009.

Plaintiff took no action to obtain service information for this Defendant until February 2009, approximately five months after he was notified that service could not be made on Defendant Khamou through the Arizona Department of Corrections. On February 17, 2009, included within multiply discovery requests made to five different defendants, was a request for production of documents that included a request for the last known address of Defendant Khamou. Plaintiff never filed a Motion for Extension of Time to Serve or brought to the Court's attention any issue with respect to completing service on Defendant Khamou until after the Court issued an Order to Show Cause why Defendant Khamou should not be dismissed because he had not been served in a timely manner.

On February 24, 2009, the Court issued an Order to Show Cause to Plaintiff directing that he file a memorandum showing cause why Defendant Khamou should not be dismissed without prejudice for failure to effect timely service. On March 30, 2009, Plaintiff filed a response advising the Court that included in his February 17, 2009 requests for production of documents was a request to Defendant Schriro to produce the full name and home address of Defendant Khamou. Plaintiff offered nothing in that memorandum showing cause for his delay in seeking this information or for his failure to move to extend the time to serve.

The Magistrate Judge issued an order on May 6, 2009, construing Plaintiff's March 30, 2009 filing as a Motion to Extend Time for Service. Noting that Plaintiff took no action for almost 5 months after service on Defendant Khamou was returned unexecuted, made no discovery requests to obtain service information for more than three months after the Court's scheduling order was issued and offered no explanation for his extraordinary delay, the Court found no good cause to extend and denied the extension. On June 4, 2009, the Magistrate Judge issued a Report and Recommendation recommending this action be dismissed as to Defendant Khamou without prejudice for failure to effect timely service.

Plaintiff filed written objections to the Report and Recommendation on June 12, 2009 requesting that this Court allow Defendant Khamou to remain a defendant and order the

1  Defendants to produce his last know contact information so that he can be served.
2  Acknowledging that he knew that service was returned unexecuted on September 25, 2008
3  because Defendant Khamou has been terminated from his employment with the Arizona
4  Department of Corrections, Plaintiff suggests that ever since he had been trying to locate
5  Khamou's home address for service and further suggested that Defendants hindered his
6  efforts to locate Defendant Khamou's service information implying that the obligation was
7  on the Defendants to volunteer this information without request. Plaintiff admits that he did
8  not request this information of the Defendants until February 17, 2009, as part of a larger
9  request for production of documents.

The Court agrees with the Magistrate Judge that Plaintiff failed to show good cause for his failure to effect timely service on Defendant Khamou. He took no action in the nearly 5 months after he became aware that service had been returned unexecuted. In the interim, a scheduling order was entered, discovery has now closed and Defendants have filed a Motion for Summary Judgment. Had Plaintiff wished to prosecute this case against Defendant Khamou he was obligated to be more diligent about obtaining the service information or requesting the Court's assistance. Instead he waited until shortly before the close of discovery to make his first request for information and long after the time to serve had expired. The Court notes that the Plaintiff was advised early on of the deadlines for service. In the initial screening order entered on July 8, 2008 Plaintiff was specifically advised that service was required to be made on all defendants within 120 days of the filing of the complaint or 60 days from the date of service order whichever is later and that the failure to serve may result in the dismissal of the unserved defendants.

IT IS ORDERED overruling the Plaintiff's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation as the order of this Court. (Doc. 73).

1  IT IS FURTHER ORDERED that this action be dismissed as to Defendant Khamou
2  without prejudice for failure to effect timely service as required by Federal Rule of Civil
3  Procedure 4(m).

   DATED this 14th day of July, 2009.

   _____
   Susan R. Bolton
   United States District Judge